09-2564-ag
Wu v. Holder

BIA
Weisel, IJ
A099 667 402

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges*.

_____

NEN DI WU,
> *Petitioner*,

> v.                                        09-2564-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Norman Kwai Wing Wong, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Andrew N. O'Malley, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Petitioner Nen Di Wu, a native and citizen of China, seeks review of a June 1, 2009, order of the BIA affirming the September 4, 2007, decision of Immigration Judge ("IJ") Robert Weisel denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nen Di Wu*, No. A099 667 402 (B.I.A. Jun. 1, 2009), *aff'g* No. A099 667 402 (Immig. Ct. N.Y.C. Sept. 4, 2007). In an opinion issued today, we deny the government's motion to dismiss the petition pursuant to the fugitive disentitlement doctrine. This order discusses the merits of Wu's petition for review. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Wu did not (a) raise any argument that there is a reasonable possibility that he will be tortured in China based on his illegal departure from the country or (b) make any challenge to the translation in his proceedings before the agency, and, in fact, explicitly requested a Mandarin translation, we decline to address Wu's CAT claim based on illegal departure or his due process argument grounded in language difficulties. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007) (reaffirming that this Court "may consider only those issues that formed the basis for [the BIA's] decision"). Accordingly, we limit our review to Wu's challenge to the agency's denial of relief based on his lack of credibility and insufficient corroboration.

The IJ denied Wu's application for relief, making an adverse credibility finding after concluding that Wu's testimony was "evasive" and "non-responsive" and was not sufficiently corroborated. Wu's arguments that the IJ's adverse credibility determination is erroneous are unavailing. As noted above, because Wu did not raise this issue before the BIA, we do not address his contention that his testimony was unresponsive because of translation errors. *See Lin Zhong*, 480 F.3d at 107 n.1.

3

Wu also argues, however, that the IJ erred in basing its adverse credibility ruling on his unresponsiveness alone, without asking for additional details. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 147-48 (2d Cir. 2008) (a pre-REAL ID Act case, finding error where the agency found an applicant unresponsive without developing the record). But, the record indicates that the IJ ensured that Wu was asked questions repeatedly in order to solicit relevant details. Because his testimony was not responsive despite these requests, the IJ reasonably found that Wu was not credible. *See id.* Moreover, the IJ's conclusion that Wu was not responsive was supported by the specific finding that Wu was unable to testify about when, after his alleged first release from incarceration, he renewed his practice of Christianity. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (holding that this court can be "more confident in [its] review of observations about an applicant's demeanor where ... they are supported by specific examples of inconsistent testimony").

Wu contends, finally, that the IJ erred by requiring that he corroborate his testimony. But, having found that Wu's testimony was not credible, the IJ did not err in

4

making him provide corroboration to rehabilitate his testimony.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (finding that once an asylum applicant's testimony has been "called into question," an IJ may "properly rel[y] on the lack of corroborative evidence").

As the agency concluded, Wu failed to provide corroboration of his regular religious worship in the United States. Despite his testimony that he regularly attended church in New York, no one from the church corroborated that testimony.  Additionally, the agency reasonably concluded that Wu's letter from his mother did not sufficiently corroborate his claim that he was a Christian, for it did not address his testimony that she led him to Christianity or that they worshiped together.

Because the agency reasonably determined that Wu's testimony was not credible, *see Shunfu Li*, 529 F.3d at 147-48, and that he failed to rehabilitate that testimony through corroboration, *see Biao Yang*, 496 F.3d at 273, the agency did not err in concluding that Wu failed to establish his eligibility for asylum, withholding of removal, or CAT relief.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii)*; Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk